UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SUSIE ANNETTE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-160-JMS-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Motions for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

### I. The § 2255 Motion

Petitioner Susie Smith was convicted of drug offenses in No. 2:10-cr-00007-JMS-CMM-19. A prior motion for relief pursuant to 28 U.S.C. § 2255 was docketed as No. 2:13-cv-00357-JMS-WGH and was dismissed with prejudice on December 11, 2014. Her recently filed motions for relief pursuant to 28 U.S.C. § 2255 are essentially identical. She also recently sought authorization from the Court of Appeals for authorization pursuant to 28 U.S.C. § 2255(h) to file a second or successive § 2255 motion. That request was docketed in the Court of Appeals as No. 16-2102. On June 2, 2016 the Court of Appeals denied the petitioner leave to file a second or successive motion for relief pursuant to 28 U.S.C. § 2255. The explanation for this ruling was the following:

> Susie Smith has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Smith wants to bring a claim under *Johnson v. United States,* 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Smith's PSR shows that she did not receive an enhancement for being

>a recidivist. No. 11-2633, R. 90, PSR at ¶44 ("Chapter Four Enhancements: none"). And she was not convicted of a weapons offense. Neither Smith's conviction nor her sentence implicate *Johnson.*

Rejection of the 28 U.S.C. § 2255(h) motion as a candidate to proceed with an authorized second or successive such motion confirms the jurisdictional doom which awaits the present 28 U.S.C. § 2255(a) challenge.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "is an allocation of subject-matter jurisdiction to the court of appeals." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

With the prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filings from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

The clerk shall docket this Entry in the underlying criminal action, No. 2:10-cr-00007-JMS-CMM-19.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Smith has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling."

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

   IT IS SO ORDERED.

Date: <u>July 27, 2016</u>

                   Hon. Jane Magnus-Stinson, Judge
                   United States District Court
                   Southern District of Indiana

Distribution:

SUSIE ANNETTE SMITH
09490-028
ALDERSON FEDERAL PRISON CAMP
Inmate Mail/Parcels
GLEN RAY RD. BOX A
ALDERSON, WV 24910